IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YONELL ALLUMS,** | : CIVIL ACTION NO. 1:25-CV-1050 |
| **Petitioner** | : (Judge Neary) |
| v. | : |
| **WARDEN OF FCI-SCHUYLKILL,** | : |
| **Respondent** | : |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Yonell Allums, argues that the United States Bureau of Prisons ("BOP") has improperly denied him time credits under the First Step Act ("FSA"). The petition will be dismissed for Allums's failure to exhaust administrative remedies.

I. **Factual Background & Procedural History**

Allums is serving a 240-month criminal sentence imposed by the United States District Court for the Southern District of New York. (Docs. 7-2 at 1). He is housed in Schuylkill Federal Correctional Institution ("FCI-Schuylkill").

Allums's petition arises from the FSA, which allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Inmates who have been assessed at a minimum or low risk of recidivism who do

not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Allums's petition asserts that the BOP has improperly refused to apply time credits he has earned under the FSA to his sentence. (Id.) Respondent responded to the petition on July 16, 2025, arguing that Allums failed to exhaust administrative remedies, that his claim otherwise fails on its merits, and that his claim is not yet ripe. (Doc. 7). Allums filed a reply brief in support of his petition on July 28, 2025, making the petition ripe for review. (Doc. 8).

## II.   Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Allums's petition should be dismissed for failure to exhaust administrative remedies because he did not appeal his relevant administrative remedy requests through all stages of the BOP's administrative remedy process. (Doc. 7 at 4-7). Respondent provides evidence of Allums's failure to appeal his administrative remedy requests. (Doc. 7-5). Allums does not address this evidence in his reply brief, but he argues that because the BOP would likely deny his requests for relief, exhaustion should be excused as futile. (Doc. 8 at 2).

Allums's argument is unavailing. The administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." Williams, 2024 WL 4204277, at *2 (quoting Ross v. Martinez, No. 4:09-CV-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009))). The petition will accordingly be dismissed for failure to exhaust administrative remedies

because Allums has not completed the BOP's administrative remedy process and no exceptions to the exhaustion requirement apply.[1]

### III. Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   September 22, 2025

---

[1] The court does not address respondent's alternative arguments regarding the merits and ripeness of the petition.